COMMONWEALTH *vs.* ROBERT A. HOUGHTLIN.

Berkshire. September 12, 1983. — October 3, 1983.

Present: HALE, C.J., GREANEY, & SMITH, JJ.

*Evidence,* Relevancy and materiality, Opinion. *Practice, Criminal,* Failure to make objection, Argument by prosecutor.

The defendant in a criminal case failed to preserve his appellate rights with respect to the admission of testimony by a police officer, in response to a question from the prosecutor, that as the officer entered the defendant's apartment he observed that the defendant "had his hand on a shotgun," where defense counsel knew from a hearing on a pretrial motion what the officer's answer would be but made no motion in limine to test its admissibility, where she did not explain the basis for her relevancy objection to the expected testimony, and where she made no motion to strike after the answer was given. [694-696]

At the trial of a criminal case, the judge did not err in sustaining the prosecutor's objections to two questions asked of a witness by defense counsel in an effort to explain the defendant's possession of a shotgun, where one of the questions called for an improper opinion and the second called for a conclusion on a matter not shown to be within the witness's knowledge. [696]

There was no merit to a defendant's contention that certain portions of the closing argument of the prosecutor in a criminal case exceeded the scope of the evidence and the fair inferences that might be drawn therefrom. [696-697]

COMPLAINTS received and sworn to in the Central Berkshire Division of the District Court Department on November 7, 1980, and April 21 and 22, 1981.

The cases were tried in the jury session of that court before *Donelan, J.*

*Jane Larmon White* for the defendant.

*Lee Diane Flournoy,* Assistant District Attorney, for the Commonwealth.

GREANEY, J. After a jury trial in a District Court, the defendant, Robert Houghtlin, was convicted and sentenced on

complaints charging unlawful possession of a Class B controlled substance (butalbital) and Class C controlled substances (diazepam and codeine), and on a fourth complaint charging unlawful possession of a Class D substance (marihuana) with intent to distribute. On appeal, Houghtlin argues that the trial judge erred in admitting evidence that he possessed a shotgun at the time of his arrest, and that the judge exacerbated the error by disallowing explanation about the weapon. Houghtlin also contends that the prosecutor's final argument to the jury was improper. We affirm the judgments.

The background necessary to understand the claims of error concerning evidence of the shotgun is as follows. David Viner, an experienced narcotics officer with the Pittsfield police department, testified that he maintained surveillance of the defendant's apartment on the evenings of October 31 and November 1 and 2, 1980. The apartment was on the second floor front of a four-unit building and could be reached by a wooden stairway on the right exterior of the building. The second floor rear apartment appeared vacant during the periods of surveillance. On October 31, within a one-hour period, Officer Viner observed six persons make separate visits to the defendant's apartment. Each person stayed about seven or eight minutes. On November 1, twelve individuals were seen by Officer Viner coming and going from the defendant's apartment during an unspecified period of time. On November 2, the officer observed six individuals separately enter the apartment and leave within a short period of time. On that date, one of the individuals leaving the building was seen holding a plastic sandwich bag up to his nose.

Officer Viner further testified that, based on his surveillance and other information, a warrant to search the defendant's apartment for illicit drugs was issued to the Pittsfield police. The warrant authorized a "no-knock" entry on representations, among others, that the safety of the officers executing the warrant might be jeopardized if they announced themselves. On November 6, 1980, at approxi-

mately 11:00 or 11:30 P.M., Officer Viner, accompanied by six or seven other Pittsfield police officers, entered the building to execute the warrant. As the officers approached the defendant's second floor apartment, two individuals were seen watching them through a window in the apartment. Believing that they had been spotted, the police broke down a hallway door and the door to the apartment. Officer Viner stated, "Police," as he went through the door leading to the apartment.

Officer Viner testified that as he entered the apartment he observed a man to the left of the door. The witness was then asked by the prosecutor, "And what was that person doing?". The defendant's trial counsel objected. When asked by the judge for the basis of the objection, counsel replied, "Relevance." No request was made for a bench conference to explain the basis of the relevance objection. The objection was overruled. Officer Viner then testified in response to the question that the person (subsequently identified as the defendant) "had his hand on a shotgun." No motion to strike the answer was made. Two other Pittsfield police officers subsequently testified, without objection, about their observations of the shotgun near the defendant.

The following additional facts are pertinent to the defendant's claims of error. Testimony concerning the shotgun was also elicited at a pretrial hearing held on October 1, 1982, on the defendant's motion to suppress the drugs seized pursuant to the warrant. The defendant's trial counsel represented him at the hearing on that motion. The judge who presided at the trial (which commenced the following day) was not the same judge who heard and decided the motion to suppress. No motion in limine was filed by the defendant's trial counsel with respect to the anticipated evidence of the shotgun. The prosecutor's opening statement to the jury made no reference to this evidence. Due to apparent mistake or inadvertence, the closing arguments of counsel and the judge's final instructions to the jury were not tape recorded.

1. The defendant's appellate counsel[1] argues that the testimony about the defendant's possession of a shotgun should have been excluded because it imputed criminality unrelated to the drug offenses being tried. She contends that the testimony created the impression that the defendant unlawfully possessed a shotgun (see G. L. c. 269, § 10[h]), and that he intended to shoot, and perhaps kill, the police officers executing the warrant. Apart from these implications, it is also argued that the admission of the testimony about the shotgun violated "[t]he general rule . . . 'that weapons found in the possession of a defendant are admissible only if they might have been used in the commission of the crime charged. . . . Otherwise an inference that a defendant has vicious and dangerous propensities might be drawn that would be prejudicial to him.'" *Commonwealth* v. *Haney*, 358 Mass. 304, 306 (1970), quoting from *Commonwealth* v. *West*, 357 Mass. 245, 248 (1970).

We think the defendant's present arguments fail for lack of a proper objection. The defendant's trial counsel knew from the hearing on the motion to suppress, held the day before the commencement of trial, what the answer to the prosecutor's question would be, but framed no motion in limine to test its admissibility. In addition, the defendant's trial counsel made no request for a bench conference to explain the nature of the relevancy objection, thereby giving the judge no warning of the officer's expected testimony. The judge had discretion to determine whether the answer to the question might produce relevant evidence. The well-known test for determining relevance, see *Commonwealth* v. *Booker*, 386 Mass. 466, 469 (1982), presents "a matter on which the opinion of the trial judge will be accepted on review except for palpable error." *Commonwealth* v. *Young*, 382 Mass. 448, 462-463 (1981). See *Commonwealth* v. *D'Ambra*, 357 Mass. 260, 264 (1970). In light of the testimony of Officer Viner (describing the events of the

---

[1] The defendant's counsel on appeal is not the same lawyer who defended him in the trial court.

warrant's execution) which immediately preceded the challenged question, the judge might have thought that an answer to the question would furnish objective evidence which would "tend[ ] to prove the circumstances under which the crime was committed and serve[ ] as an aid to the jury in reaching a verdict by giving them a total picture." *Commonwealth* v. *Campbell*, 5 Mass. App. Ct. 571, 588 (1977), and cases cited. Moreover, when the question was answered, the defendant's trial counsel made no motion to strike the testimony. Only by means of a motion in limine, a more focused objection, or a prompt motion to strike, would the judge have been alerted to the substance of the particularized arguments now urged on appeal and the Commonwealth's present response that the disputed evidence could warrant an inference of the defendant's consciousness of guilt. See *Commonwealth* v. *Haney*, 358 Mass. at 306-307.[2] At that juncture, the judge would have been in a position to exercise his discretion to decide whether the evidence was so inflammatory in nature as to outweigh its probative value and thus preclude its admission. See *Commonwealth* v. *Chretien*, 383 Mass. 123, 135-136 (1981). We note that testimony about the shotgun similar to Officer Viner's testimony came in later without objection through two other Commonwealth witnesses. We conclude that the defendant's trial counsel failed to express to the judge the specific basis underlying her objection of relevancy and failed, once the evidence was in, to make known to the judge any discrete ground of error which she perceived in the judge's ruling. See Mass.R. Crim.P. 22, 378 Mass. 892 (1979); *Commonwealth* v. *Harris*, 371 Mass. 462, 471 (1976). See also *Commonwealth* v. *McCreary*, 12 Mass. App. Ct. 690, 696 (1981). In these circumstances, we reject the defendant's argument that once the question was answered, a motion to strike was futile

---

[2] The record reveals that the defendant's trial counsel is experienced, and that she knew how to challenge evidence by means of the procedural vehicles mentioned above.

because the evidence had already been brought to the jury's attention.

2. There also was no error in the trial judge's rulings sustaining the prosecutor's objections to two questions asked of Officer Viner by the defendant's trial counsel in an effort to explain the presence of the shotgun. The first question, asking whether the defendant's possession of the shotgun fell "within the confines of the law," called for an improper opinion and may also have sought to obtain immaterial information. See *Commonwealth* v. *Pelletier*, 264 Mass. 221, 224-225 (1928). The second question, asking the officer whether "any complaints [had issued] against [the defendant] relative to that firearm," called for a conclusion on a matter not shown to be within the witness's knowledge. In the absence of proper questions, or any explanation of what specific information counsel sought to obtain by either question, there is no basis to conclude that the defendant was denied his right to explain seemingly incriminating evidence offered by the prosecution.[3]

3. Two portions of the prosecutor's closing argument are challenged as exceeding the scope of the evidence and the fair inferences that might be drawn therefrom. As previously noted, the closing arguments of counsel were not tape recorded. See the requirements of Dist.Ct.R.Crim.P. 9(A) (1981). Appellate counsel for the defendant has made no reasonable effort to attempt to reconstruct the missing materials. See Mass.R.A.P. 8(c), as appearing in 378 Mass. 933 (1979). See also *Commonwealth* v. *Harris*, 376 Mass. 74, 79-80 (1978); *Commonwealth* v. *Sheffield*, *ante* 342, 348-349 (1983).

We need not dwell, however, on the defendant's extensive argument on why he should be excused from attempting the reconstruction of the prosecutor's final argument.

---

[3] The defendant's trial counsel cross-examined two other police officers who participated in the search and had seen the shotgun, apparently seeking to create the inference that the shotgun might have been in the possession or control of one of the other individuals found in the apartment with the defendant.

Even if we accept the defendant's version of the argument as an accurate depiction of what the prosecutor said to the jury, we find nothing to warrant a new trial. The first criticized comment (pertaining to the disposability of the marihuana) was warranted by evidence describing the physical characteristics of the defendant's apartment. The argument was based upon the evidence and not so attenuated as to be plainly irrelevant. The second comment (allegedly expressing the prosecutor's opinion that the amount of marihuana exceeded an amount likely held for personal use) argued a fact which the jury could have properly inferred themselves from the quantity of marihuana seized (21.9 ounces), its location in the apartment, the quantity of other materials seized which could have been used to package marihuana for sale, the police observations of visitors to the apartment on October 30 and November 1 and 2, 1980, and the testimony of Officer Viner (who was qualified as an expert in the investigation of narcotics cases) that his observations and experience led him to conclude that "drugs were being dealt from [the] house." See *Commonwealth* v. *Ellis*, 356 Mass. 574, 578-579 (1970). The defendant was not prejudiced by the argument.

*Judgments affirmed.*