COMMONWEALTH *vs.* RAPHAEL CANCEL.

Hampden. February 4, 1985. — April 17, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Evidence,* Hearsay, Relevancy and materiality, Impeachment of credibility. *Practice, Criminal,* Failure to make objection, Argument by prosecutor. *Error,* Harmless.

At the trial of an arson case, it was error to admit testimony by the owner of the burned building that a number of persons had accused the defendant of being responsible for the fire; however, the defendant's general objection was, in the circumstances, insufficient to preserve his right to challenge the admission of the statement. [569-572]

At the trial of a criminal case, error in permitting impeachment of a defense witness through evidence that he had been a member of a street gang did not require reversal, where the witness's credibility had already been impeached with several prior criminal convictions and where the evidence he provided was not particularly relevant to the defendant's guilt. [572-573]

In the circumstances, reversal of a criminal conviction was not required by the fact that in his closing argument the prosecutor made remarks which could be construed as an impermissible comment on the defendant's failure to call any alibi witnesses. [573-576]

Although, taken individually, none of the three errors asserted by the defendant in a criminal case was sufficiently prejudicial to require reversal of his conviction, it was held that the combination of these errors created a substantial risk of a miscarriage of justice. [576]

INDICTMENT found and returned in the Superior Court Department on September 16, 1982.

The case was tried before *Raymond R. Cross,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Jane Larmon White,* Committee for Public Counsel Services, for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. The defendant was convicted by a jury of burning a dwelling house, G. L. c. 266, § 1. The Appeals Court sum-

marily reversed the judgment of conviction based on the improper admission in evidence of a witness's hearsay statement. *Commonwealth* v. *Cancel,* 18 Mass. App. Ct. 1114 (1984). We allowed the Commonwealth's application for further appellate review.

Citing three errors of law, the defendant argues that his conviction must be reversed. He contends that the first error was made when a witness was allowed to testify, over objection, that "a lot of people told me that you're responsible for [the fire]." He argues that it was improper to allow, over objection, impeachment of a defense witness by reference to his membership in a street gang. Finally, the defendant argues that the prosecutor in his closing argument improperly made reference to the defendant's failure to testify or to call alibi witnesses. The Commonwealth contends that, in each of these cases, the defendant failed to preserve his rights by proper objection under Mass. R. Crim. P. 22, 378 Mass. 892 (1979).[1] We agree that, in each specific instance, the defendant either failed to preserve his rights by a proper objection or the error was not sufficiently prejudicial to require reversal. Nevertheless, we decide that in combination these circumstances present a substantial risk of a miscarriage of justice. The defendant's conviction is therefore reversed.

On the evening of May 21, 1982, a fire broke out in a closet of the defendant's apartment. Two witnesses testified that they saw the defendant set the fire, and that he did so because he was upset with the woman with whom he shared the apartment. Both witnesses admitted to bias against the defendant, and their description of events differed on a variety of details. The owner of the building testified that, while he was on a back porch of the building shortly after the fire, he observed the

---

[1] Rule 22 states: "Exceptions to rulings or orders of the court are unnecessary and for all purposes for which an exception has heretofore been necessary, it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court . . . . If a party objects to a ruling or order of the court, he may state the precise legal grounds of his objection, but he shall not argue or further discuss such grounds unless the court calls upon him for such argument or discussion."

defendant for a "couple of seconds" standing with a group of people on a street corner approximately 150 feet from the building. The defendant later asserted to the owner that he was out of town on the day of the fire. A member of the Springfield fire department's arson squad testified that he believed the fire had been set.

1. *Hearsay.* The owner testified that, while assessing damage to the apartment a day or two after the fire, he saw the defendant and a conversation ensued. According to the owner's testimony, the defendant volunteered that he had nothing to do with the fire, to which the owner responded that "a lot of people told me that you're responsible for it." When the latter statement was made at trial, the defendant objected, without stating any grounds. Presuming the objection to be based on hearsay, the judge ruled that the statement was admissible to show what the conversation was, not for its truth. As such, it would not be considered hearsay. See P.J. Liacos, Massachusetts Evidence 263 (5th ed. 1981). The defendant did not object to this ruling, nor did he move at any time to strike the testimony.

The defendant now urges that the statement was hearsay and not admissible for any purpose, because it was relevant only for its truth and no exception to the hearsay rule applies. The Commonwealth contends that the statement was useful in placing other, unobjectionable testimony into context. Further, the Commonwealth argues that under rule 22 the defendant failed to preserve his right to dispute that ruling.

We do not agree that the hearsay statement was necessary to place other "consciousness of guilt" evidence into context. It is clear from the transcript that "the two statements are entirely separable, the one being admissible and the other inadmissible hearsay prejudicial to the defendant."[2] *Common-*

---

[2] The testimony was as follows:

   · PROSECUTOR: "Tell the Court and jury what you said and what he said."

   WITNESS: "He said that he had nothing to do with the burning of

*wealth* v. *Pleasant,* 366 Mass. 100, 103 (1974). Indeed, the Commonwealth concedes that the hearsay statement could have been left out without materially affecting the later evidence. Moreover, a review of all the evidence leaves us with the inescapable conclusion that the statement was relevant only for its truth. Cf. *Commonwealth* v. *Errington,* 390 Mass. 875, 881 (1984). As such, it was hearsay to which no exception applied, and therefore inadmissible for any reason. *Commonwealth* v. *Pleasant, supra* at 102-103. A timely objection, even a general one, would have been sufficient to exclude the evidence under these circumstances. See, e.g., 1 J. Wigmore, Evidence § 18, at 824 (Tillers rev. ed. 1983).

It is equally clear, however, that the defendant's general objection was insufficient under rule 22. When the objection was interposed, it was not yet clear whether the statement would be relevant other than for its truth. When "an accused

---

my building and that he would never do such a thing."

PROSECUTOR: "Did you say anything to him?"

WITNESS: "I said that a lot of people told me that you're responsible for it."

DEFENSE COUNSEL: "Objection."

THE JUDGE: "He can tell us that. What he's saying now isn't necessarily true. He's just telling what the conversation was. It doesn't stand for the truth of it. Go ahead."

PROSECUTOR: "When he said to you that I had nothing to do with the burning of this building, what was your response to him?"

WITNESS: "I said that a lot of people had told me that you were responsible for it."

PROSECUTOR: "What did he say then?"

WITNESS: "He said that he was out of town and he had just gotten back in town."

PROSECUTOR: "Did you say anything to him when he made that indication to you?"

WITNESS: "Yes, I told him he was lying because I personally seen him [*sic*]."

PROSECUTOR: "When you made the statement that you were lying because I saw you myself, did he say anything to that? If you remember?"

WITNESS: "Well, it was when we started to get involved in a little bit of an argument."

PROSECUTOR: "And did he leave then shortly?"

WITNESS: "No, somebody called the police and two police officers came."

responds to incriminating accusations made of him in an equivocal, evasive or irresponsive way inconsistent with his innocence, both the accusations and his answer are admissible." *Commonwealth* v. *Machado,* 339 Mass. 713, 715-716 (1959), and cases cited. See *Commonwealth* v. *Curry,* 341 Mass. 50, 54 (1960); *Commonwealth* v. *Madeiros,* 255 Mass. 304, 313 (1926). See also K.B. Hughes, Evidence § 528, at 737-738 (1961). On the other hand, if the accusation is met with an unequivocal denial by the defendant, the hearsay statement is not an admission, and is inadmissible unless some other exception applies. *Commonwealth* v. *Pleasant, supra* at 102; *Commonwealth* v. *Twombly,* 319 Mass. 464, 465 (1946).

At the time of the objection, the witness had not yet testified as to the defendant's response to the accusatory statement. Thus, the judge could not have then known whether the defendant's alleged response would be an unequivocal denial, and therefore inadmissible, or an evasive answer or incriminating silence, and therefore admissible. Once it became clear that the defendant had unequivocally denied the statement, it was incumbent on the defendant to renew his objection or move to strike the earlier testimony.

Moreover, it is not apparent that the defendant was dissatisfied with the judge's ruling. Unlike the situation in *Commonwealth* v. *Jewett,* 392 Mass. 558, 562 (1984), the judge's ruling was not unequivocally adverse. Instead, the defendant received a limiting instruction and took no further action.

In these circumstances, the initial, general objection was simply insufficient. Cf. *Commonwealth* v. *Houghtlin,* 16 Mass. App. Ct. 691, 694-695 (1983).[3] The purposes underlying our conclusion were well stated by Chief Justice Shaw: "[I]f the [objection] is intended to be relied on, and is seasonably taken, the omission may be supplied, or the error corrected, and the rights of all parties saved. . . . [I]t is not consistent with the purposes of justice, for a party knowing of a secret defect, to

---

[3] Nothing in the record indicates that either the prosecutor or the defense counsel was aware that the witness would incorporate this hearsay statement in his testimony.

proceed and take his chance for a favorable verdict, with the power and intent to annul it, as erroneous and void, if it should be against him." *Cady* v. *Norton,* 14 Pick. 236, 237 (1833).

2. *Impeachment of defense witness.* The defendant called one witness at trial, who testified that an unknown woman approached him in the courthouse, offered to "stop the case" against the defendant for $300, and then walked away laughing. The Commonwealth chose not to move to strike the witness's testimony,[4] but to impeach it instead. On cross-examination, the Commonwealth impeached the witness by introducing in evidence several prior convictions. The Commonwealth then sought to elicit that the defendant was a member of a Springfield street gang.[5]

The rule is "settled in this Commonwealth that in the introduction of evidence affecting generally the credibility of a witness, the inquiry is limited to his reputation for truth and veracity." *Eastman* v. *Boston Elevated Ry.,* 200 Mass. 412, 413 (1909). *F. W. Stock & Sons* v. *Dellapenna,* 217 Mass. 503, 506 (1914). P.J. Liacos, Massachusetts Evidence 146-147 (5th ed. 1981). Evidence irrelevant to the issue at trial or to the witness's reputation for truth and veracity is inadmissible to impeach a witness. *Commonwealth* v. *Binkiewicz,* 342 Mass. 740, 755 (1961). See, e.g., *Commonwealth* v. *Joyce,* 382

---

[4] The Commonwealth initially moved to strike the testimony, and after additional questions were put to the witness, the judge agreed. At that time, however, the Commonwealth withdrew its motion to strike.

[5] The testimony was as follows:

> PROSECUTOR: "And do you know what the Demonstrators are in Springfield?"
> DEFENSE COUNSEL: "Objection."
> THE JUDGE: "He can have it."
> PROSECUTOR: "What is that, sir?"
> DEFENSE COUNSEL: "Objection."
> WITNESS: "A street gang."
> PROSECUTOR: "You don't belong to one of those?"
> WITNESS: "I sure don't. I used to."
> PROSECUTOR: "What one did you belong to?"
> WITNESS: "The Last Survivors."
> PROSECUTOR: "You were the head of that; weren't you?"
> WITNESS: "No."

Mass. 222, 227 (1981) (evidence of engaging in sex for hire irrelevant to issue of credibility). The witness's past membership in a street gang was clearly a collateral issue irrelevant to his veracity, and thus should not have been admitted. It could only tend to appeal to the jury's prejudice against street gangs. See *Commonwealth* v. *Shelley,* 374 Mass. 466, 470 (1978); *Commonwealth* v. *Graziano,* 368 Mass. 325, 332 (1975). The Commonwealth argues, however, that the defendant's general objection was insufficient under rule 22 to preserve the issue for review, and that, even if an error was made, it was harmless.

Unlike the situation involving the hearsay statement discussed earlier, the defendant's general objection to this line of questioning was interposed at the proper time, and the judge unequivocally overruled it. Since we conclude that "the ground for exclusion should have been obvious to the judge and opposing counsel without stating it, . . . want of specification of the ground is immaterial for purposes of complaining on appeal of the judge's action in overruling the general objection." McCormick, Evidence § 52, at 115 (2d ed. 1972).

Therefore, we decide that the judge erred in admitting this impeachment evidence and that the defendant's objection was sufficient to preserve the issue under the circumstances of this case. However, the witness's credibility had already been impeached with several prior convictions, and the evidence he provided was not particularly relevant to the defendant's guilt. Thus, we agree with the Commonwealth that this error alone was not sufficiently prejudicial to the defendant to require reversal.

3. *Comment on the defendant's failure to call alibi witnesses.* The defendant claims that the prosecutor improperly made reference in his closing argument to the defendant's failure to testify, or at least to his failure to call any alibi witnesses. The Commonwealth contends that, taken in context, the prosecutor's remarks merely responded to the defense counsel's suggestions that several witnesses were lying.[6] The Commonwealth

---

[6] The portion of the argument objected to was as follows: "There is no doubt at all what happened on May 21st of 1982. Ladies and gentlemen, think

also argues that the defendant did not preserve this issue for review under rule 22 because neither a mistrial nor a curative instruction was sought.

The Commonwealth points out that the defendant did not object to the remarks until after the prosecutor's argument had concluded. In *Commonwealth* v. *Johnson,* 374 Mass. 453, 458 (1978), this court held that an attorney need not "immediately interrupt the argument of opposing counsel with an objection and a request for a curative instruction on each occasion when he believes that the argument is improper. It is usually sufficient, depending on the circumstances of the particular situation, if the matter is called to the judge's attention at the end of the attorney's argument." In the circumstances of this case, we hold that the defendant's objection occurring at the end of the prosecutor's argument was timely. Cf. *Commonwealth* v. *Gouveia,* 371 Mass. 566, 571 (1976) (better practice for judge to intervene sua sponte). We also conclude that, while the objection was hardly a model of clarity either in expressing the problem or in suggesting a remedy, it sufficiently apprised the judge of the grounds on which it was based, and was therefore sufficient to preserve the question for review.[7]

---

about this. You can't just make up a story about somebody and hope for the circumstances, because if you start talking about someone doing something at 9:00 at night or 10:00 at night on a Saturday night or weekend night, the chances are if they're not sleeping in bed, that *they're out somewhere with some people doing things.* You can't get away with it, because if you start making up a story — if you hear there's a rape on such and such a street that's two streets over, and you don't like Mr. X, so you go to the police and say that I know X did it because he called me. Do you realize the chance that you're taking and what a fool you would make of yourself, because at 10:00 at night X is probably watching a ballgame or at a bar drinking or playing cards or doing something. *If those people are going to come forward,* you're going to look asinine if you're trying to accomplish something like that. You can't do it. You couldn't get away with it. It just makes no sense whatsoever". (Emphasis added.)

[7] Immediately after the prosecutor's closing argument, a bench conference was held and the following colloquy ensued:

> DEFENSE COUNSEL: "Your Honor, I did not object in the course of [the prosecutor's] closing out of courtesy, but I object to the fact that

Addressing the merits of the question, we do not agree that the prosecutor's remarks can reasonably be construed as referring to the defendant's decision not to testify. Any danger that the jury might make such an unlikely inference was firmly dissipated by the judge's strong instruction on the defendant's right not to testify.[8] See *Commonwealth* v. *Smallwood,* 379 Mass. 878, 891-893 (1980).

However, we agree that the prosecutor's remarks might be construed as an impermissible comment on the defendant's failure to call any alibi witnesses. Generally, a defendant's failure to call witnesses to support his explanation of events is a "fair matter for comment, and is not within the protection of the Constitution," if there is some foundation that witnesses other than the defendant were available for that purpose. *Commonwealth* v. *Domanski,* 332 Mass. 66, 70-71 (1954), quoting *Commonwealth* v. *Peoples Express Co.,* 201 Mass. 564, 581 (1909). See, e.g., *Commonwealth* v. *DeCaro,* 359 Mass. 388, 391-392 (1971); *Commonwealth* v. *Smith,* 342 Mass. 180, 186-188 (1961). As in *Domanski,* however, "[t]here was nothing

---

[the prosecutor] seemed to imply that there was an alibi, that the defendant did not take the stand, I think, is an implication that he was saying there was an alibi, and if you people cannot — if you don't tell us where you were — I just thought that it was an implication of alibi which applies [*sic*] that the defendant [was] not taking the stand and saying where he was —."

PROSECUTOR: "I didn't intend to do that."

THE JUDGE: "Do you want me to instruct the jury that he has no alibi?"

DEFENSE COUNSEL: "No, just in terms of the closing — I just thought that it was something that should not be mentioned."

[8] The judge stated: "The first great principle that I want to mention is the presumption of innocence. The fact that a defendant does not testify is no evidence against him. No inference or presumption should be drawn from silence. The defendant in a criminal case has no burden of proving his innocence. This absolute right to silence has been termed an important advance in the development of our liberty. It's one of the great landmarks in man's struggle to make himself civilized. Every person is presumed to be innocent until he's proven guilty, and it's the prosecution, the Commonwealth, that has the burden of proof. . . . It's for the Commonwealth to prove to you beyond a reasonable doubt that a defendant is guilty. The defendant does not have to prove his innocence to you for he's presumed to be innocent."

during the course of the trial to suggest that [the defendant] had witnesses available who were not brought forward." *Commonwealth* v. *Domanski, supra* at 71.

Without that foundation, the comments on the lack of an alibi defense were improper. *Id.* At the same time, the defendant's response was "less than fully adequate." See *Commonwealth* v. *Hawley,* 380 Mass. 70, 85-86 (1980). Considering the context of the improper comments, the inadequate defense response, and the judge's instructions to the jury, we conclude that the error was not in itself sufficiently prejudicial to require reversal.

4. *Substantial risk of miscarriage of justice.* None of the three errors asserted by the defendant, taken individually, is sufficiently prejudicial to require the reversal of his conviction. Nevertheless, we have "serious doubt as to whether this defendant was [unduly] prejudiced" by the combination of these errors. *Commonwealth* v. *Wood,* 380 Mass. 545, 550 (1980). First, prejudicial hearsay testimony was improperly put before the jury. Second, clearly inadmissible impeachment of a defense witness was allowed. Finally, the prosecutor's remarks, which could be construed as comments on the defendant's failure to call alibi witnesses, were improper, since there was no indication that such witnesses existed. On the whole, we are left with the clear opinion that these errors have resulted in a substantial risk of a miscarriage of justice. For that reason, we reverse the judgment, set aside the jury verdict, and remand the case for a new trial.

*So ordered.*