COMMONWEALTH *vs.* KEVIN R. BARBEAU
(and five companion cases[1]).

Berkshire. November 4, 1991. - February 11, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Motor Vehicle*, Operating under the influence. *Evidence*, Breathalyzer test.

The Commonwealth must establish the existence of, and compliance with, requirements of a periodic testing program for breathalyzer machines in accordance with G. L. c. 90, § 24K, and regulations promulgated thereunder, before the results of a breathalyzer test may be admitted in evidence against a defendant charged with operating a motor vehicle while under the influence of intoxicating liquor. [784-785]

A letter from the director of the office of alcohol testing stating that certain breathalyzer machines "were in compliance with [501 Code Mass. Regs. § 2.42] . . . [and] [n]o decertification forms were found with their records" was properly excluded from evidence at a hearing on a motion to exclude the results of certain breathalyzer tests, where the letter supplied no evidentiary support for the Commonwealth's compliance with the periodic testing program. [785-786]

COMPLAINTS received and sworn to in the Pittsfield Division of the District Court Department on January 9, 1990, April 17, 1990, and June 18, 1990, respectively.

COMPLAINTS received and sworn to in the Northern Berkshire Division on February 6, 1990, February 13, 1990, and April 21, 1990, respectively.

On transfer to the Pittsfield Division, motions in limine were heard by *James P. Dohoney*, J., and questions of law were reported by him to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

---

[1]Complaints issued against Derryl J. Jelly, Richard A. Regnier, Charles B. Smith, Robert Sweeney, Jr., and Eric Whitney.

*Leonard H. Cohen* for the defendants.

*Paul J. Caccaviello,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. Each of the six defendants was separately arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor, a violation of G. L. c. 90, § 24 (1990 ed.), following breathalyzer tests which showed their blood alcohol level to be above legal limits. Each defendant filed a motion in limine, seeking to exclude the breathalyzer results unless the Commonwealth could show compliance with 501 Code Mass. Regs. §§ 2.00-2.57 (1987), which require that each breathalyzer machine be both annually certified and periodically tested.

After an evidentiary hearing the District Court judge excluded the breathalyzer results and reported his action to the Appeals Court pursuant to Mass. R. Crim. P. 34, 378 Mass. 905 (1979).[2] We took the case on our own motion.

1. *The findings.* The judge made the following relevant findings:

The Commonwealth proposed to introduce three certificates (identified as Exhibits 1 and 2 in the report)[3] from the director of the office of alcohol testing (OAT) stating that the three machines were certified at the time the breathalyzer tests were administered to the defendants. Each certificate stated, "This certification is valid . . . provided that your department complies with the periodic testing program developed and administered by the Office of Alcohol

---

[2]The judge's report was as follows:

"Because of the frequency in which this issue has arisen and because of the inability of the Commonwealth to appeal an adverse ruling if the matter were dealt with in a trial context, I respectfully report the following issues to the Appeals Court pursuant to Mass. Rules of Crim. Proc. 34:

"Prior to the admission of a breathalyzer result, does the Commonwealth have to establish (1) the existence of, and (2) compliance with the requirements of the 'periodic testing program' as set forth in Exhibits 1 and 2?

"If the answer to the above question is yes, is the document attached as Exhibit A admissible to assist the Commonwealth?"

[3]Exhibit 1 consists of one certificate; Exhibit 2 consists of two.

Testing . . . ." The Commonwealth offered in evidence a letter dated October 31, 1990 (identified as Exhibit A in the report), from the director of OAT (October 31 letter) which the District Court excluded. The October 31 letter stated the three machines "were in compliance with 501 CMR 2.42 . . . [and] [n]o decertification forms were found with their records."

OAT does not have a written regulation for the periodic testing of certified breath testing devices. Other than the October 31 letter relating to the three breathalyzers at issue, the Commonwealth produced no evidence of any periodic testing program in effect at the time of the arrests in 1990.

2. *Periodic testing program.* The defendants assert that the Commonwealth must establish the requirements of a periodic testing program and compliance with those requirements before the breathalyzer results may be admitted in evidence. We agree.

In order for the chemical analysis of the breath of a person charged with operating under the influence of intoxicating liquor to be admissible against that person, it must be shown that the test was done by a certified operator, on a certified device according to methods approved by the Secretary of Public Safety (Secretary). G. L. c. 90, § 24K.[4] In accordance

---

[4]General Laws c. 90, § 24K (1990 ed.), provides in pertinent part: "Chemical analysis of the breath of a person charged with a violation of this chapter shall not be considered valid under the provisions of this chapter, unless such analysis has been performed by a certified operator, using infrared breath-testing devices according to methods approved by the secretary of public safety. The secretary of public safety shall promulgate rules and regulations regarding satisfactory methods, techniques and criteria for the conduct of such tests, and shall establish a statewide training and certification program for all operators of such devices and *a periodic certification program for such breath testing devices*; provided, however, that the secretary may terminate or revoke such certification at his discretion.

"Said regulations shall include, but shall not be limited to the following: (*a*) that the chemical analysis of the breath of a person charged be performed by a certified operator using a certified infrared breath-testing device in the following sequence: (1) one adequate breath sample analysis; (2) one calibration standard analysis; (3) a second adequate breath sample analysis; (*b*) that no person shall perform such a test unless certified by the

with this statutory mandate, the Secretary promulgated regulations requiring OAT to devise a program for the periodic testing of these certified devices, 501 Code Mass. Regs. § 2.41, and to be responsible for the periodic testing of those devices, 501 Code Mass. Regs. § 2.37 (1) (b). When a device successfully completes the annual certification testing program, the director of OAT issues a certificate that states the "device . . . is certified under these regulations." 501 Code Mass. Regs. § 2.40 (c). The certificate must also state that the certification remains valid until the expiration date "provided that the department complies with the periodic testing program developed and administered by the Office of Alcohol Testing." 501 Code Mass. Regs. § 2.40 (d).

A device loses certification if it fails successfully to complete the annual certification testing program or the periodic testing program. 501 Code Mass. Regs. § 2.42.

Clearly, the statute and regulations mandate both a periodic testing program and compliance with that program. Equally clear is that the periodic testing program is different from the annual certification testing program and that more than annual certification is required of a device. Also obvious is that a device is to undergo periodic testing within the one-year period of certification. 501 Code Mass. Regs. § 2.40 (d). Indeed, a device's certificate states and the regulations require that the certificate is valid only if the department complies with the periodic testing program.

Therefore, certification cannot prove, as the Commonwealth argues, either the existence of, or compliance with, a periodic testing program. Neither can it be of any assistance to the Commonwealth if OAT has failed to implement a periodic testing program. The periodic testing program is mandated by both the statute and the Secretary's regulations. Consequently, the Commonwealth has the threshold burden

---

secretary of public safety; (*c*) that no breath testing device, mouthpiece or tube shall be cleaned with any substance containing alcohol." (Emphasis added.)

of establishing the requirements of a periodic testing program and compliance with such a program.

There was no finding nor any evidence from which a finding could be made on the requirements of, and compliance with, a periodic testing program. We note that the October 31 letter states the devices were certified at the time the tests were performed and no decertification forms were found in their respective files. Even if that letter were admissible, which the defendants contest, it does not supply evidentiary support for compliance with the periodic testing program. The statute and the regulations read together require that there be a periodic testing program as well as an annual certification, and that the annual certification is valid only insofar as it comports with the requirements of the periodic program.[5] We conclude, therefore, that prior to the admission of a breathalyzer result, the Commonwealth must prove the existence of, and compliance with, the requirements of a periodic testing program. *Commonwealth* v. *Yameen*, 401 Mass. 331, 336 (1987), relied on by the Commonwealth, is not on point. That case dealt with the manner in which the breathalyzer test was administered, not with whether the machine itself met requirements set by the Legislature and the Secretary for its use.

3. *Conclusion.* In response to the reported question: "Prior to the admission of a breathalyzer result, does the Commonwealth have to establish (1) the existence of, and (2) compliance with, the requirements of the 'periodic testing program' as set forth in Exhibits 1 and 2?," we answer, "Yes." In re-

---

[5]The Commonwealth makes a convoluted attempt to prove compliance with the periodic testing program without supporting the admissibility of the October 31 letter. It argues that the absence of decertification is evidence of compliance with not only 501 Code Mass. Regs. § 2.40, but also § 2.41. Said another way, the argument is, since there is no evidence of decertification and a machine can only continue to be certified if the machine complies with the periodic testing program, then a periodic testing program exists and the machine is in compliance with it. Therefore, the Commonwealth argues, it need only produce a valid certificate issued under 501 Code Mass. Regs. § 2.40, indicating the devices have been certified.

sponse to the question: "[I]s the document attached as Exhibit A admissible to assist the Commonwealth?," we answer, "No."