COMMONWEALTH *vs.* MARY E. LIVERS
(and a consolidated case[1]).

Plymouth. April 3, 1995. - June 14, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, & O'CONNOR, JJ.

*Motor Vehicle*, Operating under the influence. *Evidence*, Breathalyzer test.

A District Court judge erred in ruling that there was a statutory require-
ment that regulations be issued concerning the periodic testing of
breathalyzer machines where all that is required is that there be a peri-
odic testing program that is followed with respect to the testing device
used in a particular case: the orders allowing the defendants' motions to
suppress their breathalyzer test results were vacated. [556-560]

COMPLAINTS received and sworn to in the Hingham Divi-
sion of the District Court Department on March 4, 1991,
and July 22, 1991, respectively.

On transfer to the jury session of that division, pretrial
motions to suppress evidence were heard by *James F.X. Din-
neen*, J.

Applications for interlocutory appeals were allowed by
*Abrams*, J., in the Supreme Judicial Court for the county of
Suffolk, and the appeals were consolidated by her.

*Mary E. Mullaney*, Assistant District Attorney, for the
Commonwealth.

*Frederick Zimonja* for Manuel S. Marcelino.

*J. Michael Shanley* for Mary E. Livers.

WILKINS, J. Each defendant, charged with operating a mo-
tor vehicle while under the influence of alcohol, was success-
ful in persuading a judge in the jury session of the Hingham
District Court to allow a motion to suppress breathalyzer test
results. The breathalyzer tests were conducted, respectively,

---

[1]Commonwealth *vs.* Manuel S. Marcelino.

in March and July, 1991. In September, 1992, in separate rulings, the same motion judge concluded that, although the breath testing machines had been properly tested, the test results could not be admitted at trial because there were no State regulations in effect concerning the periodic testing of such machines when the breathalyzer tests were conducted.

The Commonwealth successfully obtained leave from a single justice of this court to take interlocutory appeals from the allowance of the defendants' motions to suppress. The single justice directed that the appeals be consolidated and entered in this court. We conclude that the judge erred in ruling that there was a statutory requirement that regulations be issued concerning the periodic testing of breathalyzer machines. All that was and is required is that there be a periodic testing program and that the program be followed with respect to the testing device used in a particular case.

This court held in *Commonwealth* v. *Barbeau*, 411 Mass. 782 (1992), that the Commonwealth had to prove the existence of, and compliance with, a periodic testing program for breathalyzer machines before the results of a breathalyzer test may be admitted in evidence. The court said that the testing program must be carried out in accordance with methods approved by the Secretary of Public Safety (Secretary). *Id.* at 784. The Secretary had issued a regulation requiring the office of alcohol testing (OAT) to devise a program for the periodic testing of certified breath testing devices. We did not rule that the test results should be suppressed on the ground that there was no regulation setting forth in detail a periodic testing program, but rather we ruled as we did because the Commonwealth had failed to prove that there was a periodic testing program and that, as to the machine involved, the police had complied with the requirement of any such program. *Id.* at 786. On February 13, 1992, two days after the release of the *Barbeau* opinion, the Secretary's regulations concerning the periodic testing of breath testing machines (February, 1992, regulations) became effective.

In *Commonwealth* v. *Smith*, 35 Mass. App. Ct. 655 (1993), the defendant had taken a breathalyzer test in March, 1991, approximately eleven months before the February, 1992, regulations were issued. At that time, 501 Code Mass. Regs. § 2.41 (1987) stated simply that the OAT must "devise a program for the periodic testing of certified breath testing devices and simulators." See *id.* at 661 n.7. In the *Smith* case, the court stated that it was shown that the OAT had an operator's manual that concerned the use, maintenance, and testing of breath testing devices and that the Secretary had "enshrined in [the February, 1992, regulations] what the manual had already required." *Id.* at 661. There was also testimony that the device used had been tested conformably with the criteria later incorporated in § 2.41. The Appeals Court, citing *Morris* v. *Commonwealth*, 412 Mass. 861 (1992), which we shall discuss later, upheld the denial of Smith's motion to suppress the results of his breathalyzer tests. *Smith, supra.*

It does not appear that Smith argued that the absence of detailed regulations concerning breathalyzer testing in effect at the time of his testing and at the time of the testing of the breathalyzer machine required the exclusion of his test results. He simply argued unsuccessfully that the Commonwealth had failed to establish that the breathalyzer machine had been tested conformably with a periodic testing program. *Id.* at 660.

The third case concerning an attempt to suppress evidence obtained by a breathalyzer machine because of allegedly inadequate testing of the machine presents a slightly different situation. In *Morris* v. *Commonwealth, supra*, the breathalyzer tests were conducted after the February, 1992, regulations concerning testing and other matters had been issued, but all the periodic testing of the machine's calibration had occurred before the February, 1992, regulations had been issued. *Id.* at 866 n.8. Morris argued that the Secretary had unlawfully purported in the February, 1992, regulations to delegate responsibility for periodic testing to the police. He also challenged the February, 1992, regulations on the

ground that they did not meet what he asserted was the statutory mandate for periodic testing. The court rejected both arguments. Again, no claim was made that the absence of regulations concerning periodic testing in effect at the time the machine was tested made the test results inadmissible.

There is good reason why persons charged with operating motor vehicles while under the influence of alcohol have not previously argued that the absence of regulations concerning periodic testing of breathalyzer machines invalidates all breathalyzer test results. The statute does not require regulations on that subject. Section 24K of G. L. c. 90 (1992 ed.), the first paragraph of which is set forth in the margin,[2] requires that there be regulations concerning the administration of breathalyzer tests to individuals, but § 24K does not require that there be regulations concerning periodic testing of breath testing devices. Section 24K requires only that the Secretary "establish . . . a periodic certification program for such breath testing devices."

The judge found that the testing of the breathalyzer machines used in the two cases before us met the requirements of the subsequently adopted February, 1992, regulations, but that, because those regulations were not in effect when the tests of the breathalyzers were conducted, the tests did not meet the demands of the statute. These rulings were wrong because, as we have said, no regulations were required on the subject of periodic testing. The requirement is that there be a program for periodic testing of breath testing devices. That

---

[2]"Section 24K. Chemical analysis of the breath of a person charged with a violation of this chapter shall not be considered valid under the provisions of this chapter, unless such analysis has been performed by a certified operator, using infrared breath-testing devices according to methods approved by the secretary of public safety. The secretary of public safety shall promulgate rules and regulations regarding satisfactory methods, techniques and criteria for the conduct of such tests, and shall establish a statewide training and certification program for all operators of such devices and a periodic certification program for such breath testing devices; provided, however, that the secretary may terminate or revoke such certification at his discretion."

program may be expressed in regulations, as it now is, but it need not be.

The orders allowing the defendants' motions to suppress are vacated, and the cases are remanded to the District Court for further proceedings. It does not appear on the record that either defendant has asserted some further ground for suppressing their breathalyzer test results, and if none has been asserted, orders should be entered denying the motions to suppress.[3]

*So ordered.*

---

[3]There may be an issue or issues unresolved under each defendant's motion. The Commonwealth had to prove that it had an appropriate testing program at the time of any testing of the breathalyzer machine and that the machine had been successfully tested pursuant to that program.