NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-911                                           Appeals Court

COMMONWEALTH  vs.  THOMAS J. COSTA.

No. 14-P-911.

Bristol.     May 8, 2015. - December 17, 2015.

Present:  Green, Milkey, & Maldonado, JJ.


Motor Vehicle, Operating under the influence.  Evidence,
     Breathalyzer test.  Practice, Criminal, Reopening of
     evidence, Recalling witness, Judicial discretion, Failure
     to make objection, Failure to object.


     Complaint received and sworn to in the Taunton Division of
the District Court Department on July 23, 2012.

     The case was heard by Thomas L. Finigan, J.


     Justin D. Cohen for the defendant.
     Corey T. Mastin, Assistant District Attorney, for the
Commonwealth.


     MALDONADO, J.  After a bench trial, the defendant was

convicted of operating a motor vehicle while under the influence

of alcohol, G. L. c. 90, § 24(1)(a)(1).  On appeal, he asserts

that (1) the breathalyzer test results were inadmissible because

the Commonwealth did not follow certain regulations, (2) the

judge erred by reopening the case to take additional evidence on the breathalyzer test after both parties had rested, and (3) the evidence was insufficient to support the conviction.  We affirm.

Inadmissibility of the breathalyzer.  Regulations promulgated by the Executive Office of Public Safety govern how alcohol breath tests are to be administered and how breathalyzers should be maintained.  See G. L. c. 90, § 24K. "For a breathalyzer test result to be valid and admissible in evidence, the Commonwealth must demonstrate compliance with those regulations that 'go to the accuracy of the [breath testing] device or manner in which the [breathalyzer] test was performed.'"  Commonwealth v. Hourican, 85 Mass. App. Ct. 408, 411 (2014), quoting from Commonwealth v. Kelley, 39 Mass. App. Ct. 448, 453 (1995).

The regulations require "periodic testing" to check the breathalyzer's function.  "[P]rior to the admission of a breathalyzer result, the Commonwealth must prove . . . compliance with[] the requirements of a periodic testing program."  Commonwealth v. Barbeau, 411 Mass. 782, 786 (1992). The periodic tests must be done at a minimum "whenever the calibration standard [here, cylinders of gas, see 501 Code Mass. Regs. § 2.11(3) (2010)] is replaced and after the breath test

device is certified by OAT [the office of alcohol testing]."[1,2] 501 Code Mass. Regs. § 2.12(2) (2010). Each periodic test consists of "five calibration standard analysis tests." 501 Code Mass. Regs. § 2.12(1) (2010). A calibration standard analysis test is a reading by the breathalyzer of the alcohol concentration of the gas in the cylinder to test the accuracy of the breath test machine. See 501 Code Mass. Regs. §§ 2.02, 2.11(3), 2.12 (2010). "The test shall be considered valid and the device operating properly" if the reading of the gas in the cylinder "shows an alcohol concentration of 0.074%-0.086%." 501 Code Mass. Regs. § 2.11(3). A written report must be made of each periodic test and "shall serve as the record that the device is in calibration and working properly, and shall be admissible in a court of law." 501 Code Mass. Regs. § 2.12(1).

The regulations also require a specific procedure for the breath testing of suspects. These procedural requirements include testing the suspect's breath, conducting a "calibration standard analysis," and then testing the suspect's breath again. 501 Code Mass. Regs. § 2.14(3)(a)-(c) (2010).

---

[1] The regulations also allow for a breath test device that uses a liquid calibration standard instead of gas. See 501 Code Mass. Regs. § 2.11(2) (2010).

[2] The OAT, a division of the Massachusetts State police, certifies the operation of breathalyzers each year. 501 Code Mass. Regs. §§ 2.04, 2.06 (2010).

The breathalyzer at issue here -- the Alcotest 9510 -- has two cylinders attached to it. The dual cylinders permit calibration for a longer period of time by providing a backup in case one cylinder runs out of gas. Each cylinder contains a gas that is prepared to a specified alcohol concentration. The gas can be ejected through the breathalyzer to ensure that the breathalyzer device is correctly calibrated. Before calibrating, the breathalyzer senses the pressure in each cylinder and self-selects which cylinder to use.

Here, one gas cylinder was used to perform the calibration on the breathalyzer machine for the periodic test sequence and the other cylinder was used to perform the calibration during the defendant's breath test. The cylinders had not been changed between the time of the periodic test and the defendant's breath test. The defendant contends that, because the cylinder that calibrated the machine for the periodic test was different from the one used to calibrate his breath test, "there is no evidence that the breathalyzer solution was operating properly" for his test. The defendant points to no regulation requiring the testing of the solution contained in each cylinder, and we see none. He misunderstands the purpose of the gas cylinders.

The cylinders are provided at a known alcohol concentration. They are the benchmark by which a breathalyzer's functioning and reliability are tested. The Commonwealth used

the canisters in this manner to test the device here. They produced the periodic test report that evidenced compliance with the required testing regulations. Contrary to the defendant's contention, the calibration standard analysis does not test the concentration in each cylinder, but rather the proper functioning of the device. See Commonwealth v. Cochran, 25 Mass. App. Ct. 260, 263-264 (1988). Accordingly, we see no error in the admission in evidence of either the defendant's breath test results or the machine's periodic test report.[3]

Reopening of the evidence. Prior to the Commonwealth's witness testifying to the details of the breathalyzer's periodic test report, the defendant assented to the admission of the report "in form, but not substance." The Commonwealth then proceeded with its questioning of the witness, and after the witness attested to the contents of the report, the prosecutor moved for the report's admission in evidence. When the judge asked defense counsel whether he had any objections, counsel replied, "No, Judge, just legal arguments for later."

After the Commonwealth had rested, counsel for the defendant lodged, for the first time with specificity, his

---

[3] The defendant also asserts that there was insufficient evidence to sustain his conviction. This contention lacks merit, as evidence of the defendant's properly admitted breath test results, which were in excess of the legal limit, provided sufficient support for the defendant's conviction.

challenge to the admissibility of the periodic test report. He argued, as discussed earlier, that the breathalyzer had been calibrated improperly and should be excluded from evidence. The judge pointed out to defense counsel that the report was already in evidence, but considered defense counsel's challenge nevertheless. Defense counsel represented to the court, without the benefit of expert testimony,[4] that the test results were invalid because the report reflected the use of one canister for the periodic test and another for the field test. Counsel then rested and made his closing argument. The judge then permitted the Commonwealth to recall its witness to explain the calibration process. The defendant objected.

On appeal, the defendant contends that the judge abused his discretion by allowing the Commonwealth to reopen the evidence after both parties had rested. Given the unusual posture presented here, we see no abuse of discretion.

Counsel's assent to the introduction of the report "in form, but not substance" could not be understood as a request to bar the report's admission in evidence. Nor did counsel's remark apprise either the judge or the Commonwealth of the

---

[4] The exhibits showed that a canister in "inlet 2" had been used for the periodic test, and another canister, in "inlet 1," had been used for the defendant's test. However, prior to the reopening of the evidence, no one had testified to the significance of the use of the two different inlets or canisters.

nature of any objection.  See Commonwealth v. Houghtlin, 16 Mass. App. Ct. 691, 695 (1983) ("Only by means of a motion in limine, a more focused objection, or a prompt motion to strike, would the judge have been alerted to the substance of the particularized arguments now urged on appeal").  Accord Commonwealth v. Vasquez, 456 Mass. 350, 376 (2010) (Spina, J., dissenting in part and concurring in part), quoting from United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir.), cert. denied, 498 U.S. 947 (1990) ("A party challenging the admission of evidence must timely object and state the specific grounds for his objection. . . .  This rule serves to ensure that the nature of the error [is] called to the attention of the judge, so as to alert him to the proper course of action and enable opposing counsel to take corrective measures" [quotation and citation omitted]).  Cf. Commonwealth v. Torres, 420 Mass. 479, 482-483 (1995), quoting from Commonwealth v. Keevan, 400 Mass. 557, 564 (1987) ("It is a fundamental rule of practice that where a party alleges error in a [jury] charge he must bring the alleged error to the attention of the judge in specific terms in order to give the judge an opportunity to rectify the error, if any").  While counsel indicated that he had "legal arguments for later," he deliberately concealed from both the judge and the Commonwealth the basis of his challenge.[5,6]

---

[5] Counsel candidly stated that his failure to reveal the

"[I]f the [objection] is intended to be relied on, and is seasonably taken, the omission may be supplied, or the error corrected, and the rights of all parties saved. . . . [I]t is not consistent with the purposes of justice, for a party knowing of a secret defect, to proceed and take his chance for a favorable [finding], with the power and intent to annul it, as erroneous and void, if it should be against him." Commonwealth v. Cancel, 394 Mass. 567, 571-572 (1985), quoting from Cady v. Norton, 14 Pick. 236, 237 (1833). By concealing the nature of his challenge, counsel prevented the Commonwealth from mounting a factually-based response. Here, contrary to counsel's assertion, the challenge he made to the report was not solely legal but, rather, depended on facts not in evidence -- specifically, his claim that the use of two canisters affected the calibration process.

---

basis of his objection earlier in the proceedings "[is] very tactical, [j]udge, it's actually -- I've done this very many times." In the circumstances as they are presented in this case, "[w]e . . . deem such tactical silence to have exceeded the bounds of acceptably zealous representation." Commonwealth v. Pavao, 39 Mass. App. Ct. 490, 499 (1995), S.C., 423 Mass. 798 (1996).

[6] Ordinarily, when an objection is not stated with enough specificity to preserve the claim, it is treated as waived and is reviewed on appeal only for a substantial risk of a miscarriage of justice. See Commonwealth v. Saulnier, 84 Mass. App. Ct. 603, 605-607 (2013). Here, however, the trial judge considered the objection fully on its merits after reopening the evidence and hearing the parties' evidence in full, so we have considered the claim preserved.

This is not a situation in which, by reopening the evidence, the judge allowed the Commonwealth to supplement evidence on a missing element of the offense. Contrast Commonwealth v. Zavala, 52 Mass. App. Ct. 770, 778 (2001) (error to reopen the evidence after the Commonwealth rested because the Commonwealth had failed to "prove . . . an essential element of the offense charged"). "[T]he decision whether to reopen a case . . . cannot be made in an arbitrary or capricious manner." Commonwealth v. Moore, 52 Mass. App. Ct. 120, 126 (2001). However, "[i]t is within the sound discretion of the judge to admit material evidence" when good reason is supplied and in order to achieve a just result. Ibid., quoting from Commonwealth v. Shine, 398 Mass. 641, 656 (1986).

The challenged report was already in evidence, and, along with the other admitted evidence, supplied a sufficient basis to support a conviction. However, having elected to consider defense counsel's belated challenge, fundamental fairness dictated that the judge afford the Commonwealth an opportunity to respond. See Commonwealth v. Cote, 15 Mass. App. Ct. 229, 241 (1983), quoting from United States v. Hinderman, 625 F.2d 994, 996 (10th Cir. 1980) (a judge has "discretion to permit reopening when mere inadvertence or some other compelling circumstance . . . justifies a reopening and no substantial prejudice will occur" [emphasis supplied]). See also

Commonwealth v. Vasquez, 456 Mass. at 377 (Spina, J., dissenting in part and concurring in part) (Commonwealth should be afforded an "opportunity to rectify the matter by calling . . . a witness").

Furthermore, the defendant experienced no prejudice flowing from the reopening of the evidence.  The evidence to that point, which included the challenged breath test report, was sufficient to support a conviction.  Counsel made a bare challenge to the report's admission.  Proper consideration of counsel's challenge required that he lay a factual foundation; if successful, the challenge could have worked to the defendant's favor to exclude damning evidence.  We therefore see no abuse of discretion under the unusual circumstances presented in this case.

Judgment affirmed.