FREDERICK WEBER vs. COAST TO COAST MEDICAL, INC.,
& another.[1]

No. 12-P-1005.

Bristol. March 1, 2013. - April 10, 2013.

Present: KAFKER, VUONO, & FECTEAU, JJ.

*Massachusetts Wage Act. Labor, Wages, Attorney's fees. Practice, Civil, Attorney's fees, Directed verdict. Damages, Attorney's fees.*

In a civil action, the judge did not abuse his discretion in reopening the plaintiff's case to read in evidence a portion of the parties' joint pretrial memorandum, in which the parties stipulated that the plaintiff had received a private right to sue letter, where the judge thereby cured an oversight; further, the judge's reopening of the plaintiff's case so that the jury could receive otherwise missing evidence supporting an essential element of the plaintiff's case was not, in and of itself, an abuse of discretion, and therefore, the judge did not err in denying the defendants' motion for a directed verdict. [480-482]

In a civil action seeking unpaid sales commissions, the judge properly trebled the jury award pursuant to G. L. c. 149, § 150, where the commissions fell within the term "wages," in that they were determined and due. [482-483]

CIVIL ACTION commenced in the Superior Court Department on September 2, 2009.

The case was tried before *Richard T. Moses*, J., and an application for attorney's fees was heard by him.

*Kevin M. Considine* for the defendants.

*Maria Mancini Scott* for the plaintiff.

FECTEAU, J. The defendants, Coast to Coast Medical, Inc., and George Blaser, III (collectively, Medical), appeal from a judgment, entered on a Superior Court jury verdict in favor of the plaintiff, Frederick Weber, for commissions "due and payable" in the amount of $11,979.27, pursuant to G. L. c. 149, § 148,

[1]George Blaser, III.

as appearing in St. 1956, c. 259.[2] The judge then trebled that amount pursuant to G. L. c. 149, § 150,[3] and judgment entered for $35,937.81; in addition to interest and costs, the judge also awarded attorney's fees of $25,000, pursuant to § 150. Medical's contention on appeal is that commissions do not constitute "lost wages and other benefits" within the meaning of § 150 so as to trigger the mandatory treble damages provision. G. L. c. 149, § 150, as appearing in St. 2008, c. 80, § 5. As we disagree with this view of the statute, we affirm the judgment.

*Background.* The jury could have found from the evidence that Weber was employed by Medical as a sales representative from June to November, 2008. Weber's compensation was undisputed to include a base salary of $40,000 per year, plus commissions. Medical regularly paid Weber's base salary, but paid him only a single commission in the amount of about $3,100. After being laid off in November of 2008, Weber demanded Medical pay him his unpaid commissions, but Medical refused.

After judgment entered on the jury's verdict in Weber's favor, and after an opportunity for the parties to brief the issue of treble damages, the judge determined that the "language of the Wage Act regarding commissions has a broad application and is restricted only to its requirements that commissions be 'definitely determined' and 'due and payable,' " citing *Okerman* v. *VA*

---

[2]The statute states, in relevant part, "[t]his section shall apply, so far as apt, to the payment of commissions when the amount of such commissions, less allowable or authorized deductions, has been definitely determined and has become due and payable to such employee, and commissions so determined and due such employees shall be subject to the provisions of section one hundred and fifty." G. L. c. 149, § 148, fourth par.

[3]The second paragraph of G. L. c. 149, § 150, as appearing in St. 2008, c. 80, § 5, states, in relevant part:

"An employee claiming to be aggrieved by a violation of [section] . . . 148 . . . may, 90 days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing, and within 3 years after the violation, institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits. *An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees*" (emphasis supplied).

*Software Corp.*, 69 Mass. App. Ct. 771, 776 (2007). Thus, he concluded that "the commissions awarded constitute wages and that the trebling of said award is mandatory under the statute, as amended in July, 2008."

*Discussion.* A. *Directed verdict — reopening Weber's case.* Medical first makes two related procedural claims. It argues that the judge improperly denied its motion for a directed verdict on Weber's § 148 claim (nonpayment of commissions) because Weber never established that he exhausted his administrative remedies by filing a complaint with the Attorney General. Next, Medical complains that, after it moved for a directed verdict against Weber, the judge sua sponte reopened Weber's case-in-chief and read in evidence a portion of the parties' joint pretrial memorandum.[4] Neither contention has merit, in the circumstances of this case.

"Nothing is more common in practice or more useful in dispatching the business of the court than for counsel to admit undisputed facts." *Brocklesby* v. *Newton*, 294 Mass. 41, 43 (1936). In their joint pretrial memorandum, the parties agreed that Weber filed a nonpayment of wage complaint with the Attorney General and received a right to sue letter. A pretrial order is "designed to define, simplify, and limit the issues to be decided, reduce error, prevent surprise, promote judicial economy, and encourage settlement," *Slade* v. *Slade*, 43 Mass. App. Ct. 376, 378 (1997) (quotation and citation omitted), primarily through admissions or stipulations by counsel, which are binding on the parties, see *Mitchell* v. *Walton Lunch Co.*, 305 Mass. 76, 80 (1940); *De-Luca* v. *Cleary*, 47 Mass. App. Ct. 50, 52 (1999). See also Mass.R.Civ.P. 16, 365 Mass. 762 (1974).[5] Medical did not seek leave to have the stipulation vacated as "improvident or not

---

[4]The judge stated: "Members of the jury, counsel were both kind enough to remind me that I neglected to read in some agreed-upon facts. These are facts that both sides agree upon and are not in dispute, and you accept these as true for the case. It's agreed that the plaintiff . . . filed a nonpayment of wage complaint with the Attorney General of the Commonwealth regarding the commissions he alleges are owed to him by the company, and he received a 'private right to sue' letter from the Attorney General's office."

[5]Even without express incorporation of the parties' joint pretrial memorandum in the pretrial order (see Mass.R.Civ.P. 16 and Superior Court Standing Order 1-88), implicit approval appears from the fact that the pretrial memorandum was executed prior to the date of the pretrial conference, the pretrial

conducive to justice," *Atlantic Pipe Corp.* v. *R.J. Longo Constr. Co.*, 35 Mass. App. Ct. 459, 465 (1993), and we have no occasion to disturb it.

The judge properly reasoned that it was within his discretion to read the parties' factual stipulations to the jury notwithstanding Medical's assertion that Weber still bore the burden of production, despite the agreed fact.[6] The decision whether "to admit additional evidence after a party has rested lies in the sound discretion of the trial judge." *Jones* v. *Vappi & Co.*, 28 Mass. App. Ct. 77, 83 (1989) (while holding that no abuse of discretion occurred by denying motion to reopen, "to admit additional evidence after the evidence has formally closed may be indulgently exercised to remedy an oversight discovered shortly thereafter, before parties have changed position and before the case has gone to a next phase" was implicit in judge's discretion). This is precisely what occurred here when the judge cured an oversight in failing to inform the jury that the parties had stipulated to Weber's receipt of a private right to sue letter.

Moreover, that the judge reopened Weber's case so that the jury could receive otherwise missing evidence supporting an essential element of Weber's case is not, in and of itself, an abuse of discretion. *Commonwealth* v. *Zavala*, 52 Mass. App. Ct. 770, 777-779 (2001), in which the judge, sua sponte over the defendant's objection, improperly allowed the Commonwealth to reopen the case after both sides had rested, is not helpful to Medical.

---

memorandum was submitted to the judge on the date of the pretrial conference, and the judge set a trial date without the need for further memoranda. The judge was correct to deem the pretrial memorandum effective as a stipulation of fact that binds the stipulating parties; it serves, therefore, to establish the facts contained therein without the need for further proof. See *Stuart* v. *Brookline*, 412 Mass. 251, 254-255 (1992); *New England Legal Foundation* v. *Boston*, 423 Mass. 602, 609 n.7 (1996); *Sisk* v. *Assessors of Essex*, 426 Mass. 651, 655 n.7 (1998); *Reliable Sewing Mach. Co.* v. *Price Sewing Mach. Co.*, 5 Mass. App. Ct. 807, 808 (1977); *Metropolitan Credit Union* v. *Matthes*, 46 Mass. App. Ct. 326, 330-332 (1999).

[6]The judge stated: "[T]hat's an agreed-upon fact, counsel. . . . I have a duty to read this into evidence. Actually, it's an agreed-upon fact in the pretrial memo. That's more the court's omission. So I'm going to deny [Medical's objection and motion for directed verdict] on that ground. I will read that stipulation into evidence. That's an admission. I always address that. And I'm going to reopen the case — the plaintiff's case to allow that. I should have — I always have the pretrial memo to read that in."

That case is distinguishable not only because it concerns a criminal matter, but more importantly because the judge allowed the Commonwealth to reopen the case to produce new, disputed evidence as to an essential element of the crime charged, not merely to read in evidence a stipulated fact. *Ibid.* See *Commonwealth* v. *Ierardi*, 17 Mass. App. Ct. 297, 302-303 (1983) (proper to allow Commonwealth to reopen case to introduce stipulated fact). In any event, we discern neither an abuse of discretion nor prejudice.

B. *Treble damages.* Turning to the remaining claim, Medical argues that the judge improperly trebled the jury award as the phrase "lost wages and other benefits" in § 150 cannot reasonably be read to encompass commissions. Relying on the ordinary rules of statutory construction, Medical points to that portion of § 148, added in 1943, specifically stating that the section applies "so far as apt, to the payment of commissions." See St. 1943, c. 467. Medical thus argues that the use of the word "commissions" in § 148, together with its absence from § 150, reflects a legislative intention, for the purposes of § 150, to distinguish between "commissions" and "wages and other benefits," thereby limiting the applicability of the trebling provision in § 150 to "wages and other benefits" and not to "commissions."

While not all benefits fall within the term "wages," commissions have been held to do so. Section 148 "expressly states that holiday and vacation pay due under an agreement, as well as commissions that are definitely determined and due and payable to the employee, are wages within the meaning of [§ 148], but [§ 148] does not otherwise expressly define the term 'wages.' " *Weems* v. *Citigroup Inc.*, 453 Mass. 147, 151 (2009). See *Wiedmann* v. *The Bradford Group, Inc.*, 444 Mass. 698, 708-710 (2005) (no issue concerning award of attorney's fees, costs, and treble damages on account of unpaid commissions, but case remanded due to judge's erroneous belief that treble damages were mandatory under former version of statute); *Rosnov* v. *Molloy*, 460 Mass. 474, 483 (2011) (reversing award of treble damages under § 150 as 2008 amendment imposing mandatory trebling of damages did not apply retroactively; no issue raised that "wages and other benefits" did not include earned commissions).

As Medical points out, the Legislature is presumed to be aware of the provisions of related statutes, and when both the

1993 (St. 1993, c. 110, § 182) and the 2008 (St. 2008, c. 80, § 5) amendments to § 150 were made, allowing for a private right of action and making the trebling provision mandatory, respectively, it chose to maintain, without change or limitation, the fourth paragraph of § 148, which states in relevant part: "commissions so determined and due such employees shall be subject to the provisions of section one hundred and fifty." G. L. c. 149, § 148. As observed by this court in *Okerman,* 69 Mass. App. Ct. at 778 n.9: "Notably, the commissions amendment to the wage act was added in 1943, see St. 1943, c. 467, and a private right of action, including provision for treble damages and attorney's fees and costs, was added to the statute in 1993, see St. 1993, c. 110, § 182. Therefore, despite any original intent of the statute as a means to provide compensation to aggrieved weekly earners, one may now discern a legislative intent to apply the benefits of the statute to current-day employees as defined in the statute, including executives and professionals earning a substantial base salary plus commissions." As no significant legislative changes bearing on this interpretation have been made since that decision,[7] we continue to view the trebling provision of § 150 as intended to be applied to commissions "determined and due." G. L. c. 149, § 148. Given the jury's verdict, the judge was correct to treble the commissions.

*Judgment affirmed.*

---

[7]We note that *Okerman* was decided prior to the 2008 amendment to § 150, which, as discussed *supra,* made mandatory an award of treble damages. That the trebling of damages for the nonpayment of commissions was reserved to a judge's discretion under the prior version of the statute is of no moment here; an award of treble damages, whether in an exercise of discretion or mandatorily, is nevertheless punitive. See *Goodrow* v. *Lane Bryant, Inc.,* 432 Mass. 165, 178-179 (2000); *DeSantis* v. *Commonwealth Energy Sys.,* 68 Mass. App. Ct. 759, 768 (2007).