The defendants, Fathi Taleb Ismail and Arifa Loghman, appeal from the summary judgment in favor of the plaintiffs, Vadim Kagan and Kagan Development KDC Corp. In this appeal, the defendants assert that (1) because the plaintiffs did not sign the amended lease, the lease document containing a right of first refusal (ROFR) for the purchase of the rental property was invalid and unenforceable; (2) even assuming the existence of a valid lease, when the plaintiffs breached the lease, it was voided and the ROFR nullified; and (3) in any event, the plaintiffs failed to properly exercise the ROFR option. On the basis of the undisputed facts in this record, we affirm.
Discussion. In reviewing questions of summary judgment, we work "from the same record as the motion judge and decide[ ] the motion de novo." Targus Group Intl., Inc. v. Sherman, 76 Mass. App. Ct. 421, 428 (2010). "The test is whether the evidence, viewed in the light most favorable to the losing party, establishes all material facts and entitles the successful party to a judgment as a matter of law." Ibid.
1. Validity of the lease. The defendants claim that because the lease term exceeded one year and the plaintiffs did not sign the lease after the defendants changed the rental term from thirty-six months to thirty months, there was no valid and enforceable lease under the Statute of Frauds, G. L. c. 259, § 1.[4] We disagree.
While the defendants correctly assert that, to be enforceable, a lease document for a term longer than one year, as is the case here, must, under the Statute of Frauds, be in writing, Whaler Motor Inn, Inc. v. Parsons, 2 Mass. App. Ct. 477, 482 (1974), the Statute of Frauds only requires that the document be signed by the party or parties to be charged. Dresel v. Jordan, 104 Mass. 407, 412 (1870).
Here, the plaintiffs signed and returned to the defendants the lease document containing a thirty-six-month lease term and the ROFR option. Then, before signing the lease themselves, the defendants changed only the lease term from thirty-six months to thirty months. The remainder of the lease, including the ROFR option, remained intact. Accordingly, as the "part[ies] to be charged," when the defendants signed the document, they created a binding written lease that satisfied the Statute of Frauds.[5] ,[6] Ibid.
2. Breach of the lease. The defendants next contend that summary judgment is barred because, according to the defendants, the plaintiffs were in breach of the lease terms, voiding the lease and nullifying the ROFR option before it was triggered. This argument also fails.
The defendants sent the plaintiffs a notice to quit in a letter dated April 22, 2014, alleging violations of several of the lease terms and condominium rules. While the plaintiffs dispute the allegations, they continued to send rent payments, which the defendants accepted without reservation. Generally, a "landlord's acceptance of rent for a time subsequent to the expiration of the notice to terminate, may constitute a waiver of the notice." Slater v. Krinsky, 11 Mass. App. Ct. 941, 942 (1981). Accordingly, possession remained with the tenants, and the lease remained valid.
In any event, even if the defendants are correct that they did not waive possession of the premises because the plaintiffs' breach was continuous, the plaintiffs' alleged breach of the lease still would not render the ROFR option void. See Rizika v. Donovan, 45 Mass. App. Ct. 159, 164 (1998) ("In order for performance to depend on the occurrence of a condition, the condition must be expressed"). Here, the defendants did not condition the ROFR option upon the plaintiffs' compliance with all of the lease terms, therefore, their purported noncompliance with the lease terms would not render the ROFR option unenforceable. See Leisure Sports Inv. Corp. v. Riverside Enterprises, Inc., 7 Mass. App. Ct. 489, 492-493 (1979) (where there was no express condition in lease that lessee not be in default of any lease provisions in order to exercise option, plaintiffs' right to exercise option was not lost because of breach of lease provisions).
3. Proper exercise of the ROFR. "Upon notice of a bona fide offer to purchase, the right of first refusal ripens into an option to purchase the property at the price and otherwise on the terms stated in the offer." Frostar Corp. v. Malloy, 63 Mass. App. Ct. 96, 103 (2005). Time does not begin to run on a ROFR until the right holder, in this case, the plaintiffs, receives notice of the entire offer. T.W. Nickerson, Inc. v. Fleet Natl. Bank, 73 Mass. App. Ct. 434, 446 (2009), S.C., 456 Mass. 562 (2010). Here, the plaintiffs received notice of the third party's entire offer on June 13, 2014, giving them until June 20, 2014, to exercise their ROFR option. Before the expiration of that time, on June 14, 2014, the plaintiffs sent the defendants written notice of their intention to purchase the property under the terms specified in the third-party offer. The defendants contend this notice did not constitute proper acceptance because, according to the defendants, acceptance was conditioned upon the plaintiffs tendering the full purchase price. We disagree.
"The manner in which an option may be exercised is to be determined by the language of the option provision," Roberts-Neustadter Furs, Inc. v. Simon, 17 Mass. App. Ct. 262, 264 (1983), and the option provision at issue here did not condition acceptance upon the tender of the purchase price.[7] Rather, it was silent as to the manner in which the plaintiffs could exercise the option.
Nevertheless, relying on Roberts-Neustadter Furs, Inc. v. Simon, supra, the defendants assert that because they did not expressly condition acceptance upon written notice, acceptance must necessarily be made by tender of the full purchase price. The defendants misinterpret the case.
In that case, this court contrasted "(a) options which require purchase within a specified period of time but make no reference to notice as a means of exercising the option with (b) options which expressly state that the lessee can exercise the option by giving written notice to the lessor." Id. at 265. We held that acceptance of category (a) options "can be only by tender of the specified price"; notice alone is insufficient. Ibid. Acceptance of category (b) options can be by written notice within the specified time period. Ibid. However, the ROFR option here falls into neither of these two categories.
Unlike the category (a) options discussed in Roberts-Neustadter Furs, Inc., the defendants did not condition acceptance upon the "purchase" of the property within a specified time. Ibid. Nor, as the defendants assert, did they expressly condition acceptance upon written notice. See ibid. By failing to specify a manner of acceptance, therefore, the defendants "invite[d] acceptance in any manner and by any medium reasonable in the circumstances." Yiakas v. Savoy, 26 Mass. App. Ct. 310, 314 (1988), quoting from Restatement (Second) of Contracts § 30(2) (1981). See David J. Tierney, Jr., Inc. v. T. Wellington Carpets, Inc., 8 Mass. App. Ct. 237, 240-241 (1979) (other forms of acceptance are ineffective only if offeror clearly expresses, in terms of communicated offer itself, intention to exclude all other modes of acceptance).
Here, the plaintiffs, who had until June 20, 2014, to exercise their ROFR option, sent the defendants written notice on June 14, 2014, of their intention to purchase the property for the price and the terms specified in the third-party offer. In our view, such written notice was timely and reasonable. Roberts-Neustadter Furs, Inc., 17 Mass. App. Ct. at 265 (written notice can suffice as acceptance of ROFR option). Accordingly, summary judgment in favor of the plaintiffs was proper.
Judgment affirmed.

At oral argument, the defendants also contended that their agent never had the authority to enter into a thirty-six-month lease on the defendants' behalf. Because the defendants did not raise this argument in the Superior Court, it is waived. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

The defendants are also bound by their references and acknowledgements throughout the legal proceedings below to the existence of a legally binding "lease." Weber v. Coast to Coast Med., Inc., 83 Mass. App. Ct. 478, 480 n.5 (2013).

We need not decide whether the lease is for a thirty- or a thirty-six-month period, as the ROFR was triggered in June of 2014, well before the expiration of the shorter of the two time periods.

The relevant ROFR option language states: "If and when the LESSOR decides to sell the home during the term of the lease, then the LESSEE has the right of first refusal to purchase the property, said right of first refusal must be exercised within one week of presentation of offer to LESSEE."