The defendant, Kevin J. Connor, appeals from a Superior Court order revoking his probationary sentence and imposing his suspended house of correction sentence. On appeal, he claims that (1) there was insufficient evidence to support the revocation of his probation; (2) the hearsay considered by the judge was unreliable; and (3) the judge erred in continuing the hearing after the Commonwealth rested, and by ordering sua sponte that additional evidence and witnesses be produced at the continued hearing. We affirm.
Discussion. 1. Sufficiency of the evidence. We review a judge's decision to revoke the defendant's probation for an abuse of discretion. We examine the record to determine "whether [it] discloses sufficient reliable evidence to warrant the findings by the judge." Commonwealth v. Morse, 50 Mass. App. Ct. 582, 594 (2000). The standard of proof in a probation revocation proceeding is the civil standard of preponderance of the evidence rather than the criminal standard of proof beyond a reasonable doubt. Commonwealth v. Hill, 52 Mass. App. Ct. 147, 154 (2001). A proposition is proved by a preponderance of the evidence "if it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the mind or minds of the tribunal notwithstanding any doubts that may still linger there." Ibid., quoting from Sargent v. Massachusetts Acc. Co., 307 Mass. 246, 250 (1940).
From the evidence presented on the first day of the hearing by probation Officer Dingle, the judge could have found that on August 24, 2015, police officers arrived at the defendant's apartment after a neighbor telephoned 911 to report that he could see on his security camera a man and a woman fighting. Officers spoke to the defendant, who insisted that "there was nothing going on." They then spoke to the neighbor, who told the police that he had seen the defendant putting his hands on the victim, his girl friend, whom he lived with along with her two young sons. When police went inside the apartment, they did not observe any visible markings on the victim. They spoke to the victim's young son, who was hiding in the bathroom and appeared visibly scared. The boy told police that the defendant had put his hands on the victim.
The neighbor also testified on the first day of the hearing. While his testimony largely differed from what he told the police at the scene, he did testify that he observed someone on his surveillance camera "trying to beat up the girl next door," referring to the victim. The neighbor denied that he told police that he had seen the defendant hit the victim. The neighbor also admitted that he and the defendant were friends, that they had discussed the case prior to the hearing, and that the defendant had given him a ride to the court house that day.
We conclude that sufficient evidence was presented, on the first day of the hearing, to support the judge's decision to revoke the defendant's probation. Even though some of the evidence was hearsay, when coupled with the testimony given by Dingle and the neighbor, the judge could have found by a preponderance of evidence that the defendant either pushed or hit the victim. Thus, the judge properly revoked the defendant's probation.[2]
2. Hearsay statements. The defendant claims that the judge erred by admitting in evidence, through the testimony of probation Officer Dingle, the victim's child's statement, because it was hearsay and unreliable. We disagree. Hearsay is admissible in a revocation proceeding if it is reliable, and if reliable, then good cause has been established for its admission. Commonwealth v. Nunez, 446 Mass. 54, 58-59 (2006). Having examined the record, we are satisfied that the child's statement was sufficiently reliable. The statement was corroborated by Dingle's testimony about his conversation with one of the responding officers, as well as by the neighbor's testimony at the hearing, and by the police report summarized by Dingle. The police report itself, while also constituting hearsay, likewise was reliable. See Commonwealth v. Maggio, 414 Mass. 193, 199 n.3 (1993) (detailed police reports constitute reliable, factually detailed hearsay). There was no error. See Commonwealth v. Durling, 407 Mass. 108, 118-120 (1990) ; Commonwealth v. Patton, 458 Mass. 119, 134 (2010).
3. Reopening the case. Finally, the defendant contends that the judge erred when he permitted the Commonwealth to reopen its case after it had rested. At the outset of the revocation hearing, Dingle informed the judge that only one of the expected witnesses was present, and asked the judge to continue the hearing so that all witnesses could testify or, in the alternative, to hear testimony of the one present witness and continue the hearing for the other witnesses. After questioning whether the other witnesses had been summonsed and the reason why one witness was not there, the judge then said, "We'll take this witness," and the parties proceeded to examine the neighbor. At the end of his testimony, the Commonwealth attempted to rest, but the judge stated he would not allow that, to which the Commonwealth repeated its request to continue the hearing, which the judge then allowed.
This case is akin to Commonwealth v. Burke, 20 Mass. App. Ct. 489 (1985). There, the prosecution rested its case, but requested that the judge take judicial notice of certain statutes and read them to the jury. Id. at 512. The judge adjourned for the day without acting on that request. Ibid. The following day, the defendant moved for required findings of not guilty, while the Commonwealth moved to reopen its case in order to admit additional evidence. Ibid. This court upheld the judge's ruling that the Commonwealth had technically not rested because the judge still had to act on its request from the prior day. Ibid.
Here, it is apparent from the record that the judge, in continuing the hearing, implicitly allowed the Commonwealth's request to hear testimony from the neighbor and then continue the hearing so that the other witnesses could be present. The confusion appears to stem from the fact that the judge delayed acting on the Commonwealth's request until after the neighbor had testified and the Commonwealth attempted to rest its case. However, like Burke, supra, technically the Commonwealth had not rested because the judge had yet to rule on its request to continue the case. We discern no error.[3]
Order revoking probation affirmed.

Because we conclude that the Commonwealth presented sufficient evidence on the first day of the hearing to support the judge's finding that the defendant violated the terms of his probation, we need not address the propriety of the judge's decision to order the tape of the 911 call to be produced for the second day of hearing, and express no opinion on the matter here.

Furthermore, even if the Commonwealth had rested, this is not a case in which the judge reopened the evidence to permit the Commonwealth to supplement evidence on a missing element of the offense, in response to a defendant's motion for a required finding of not guilty. See Commonwealth v. Zavala, 52 Mass. App. Ct. 770, 777 (2001). Here, the judge was not satisfied with the neighbor's testimony, which conflicted with the report of his 911 call and his statements to police at the scene, and sought to get a full picture of the underlying events. A trial judge has a measure of discretion in deciding whether to allow the Commonwealth to reopen its case after it has rested. See Commonwealth v. Ieradi, 17 Mass. App. Ct. 297, 302-303 (1983). While "the decision whether to reopen a case ... cannot be made in an arbitrary or capricious manner," Commonwealth v. Moore, 52 Mass. App. Ct. 120, 126 (2001), "[i]t is within the sound discretion of the judge to admit material evidence" when good reason is supplied and in order to achieve a just result. Ibid., quoting from Commonwealth v. Shine, 398 Mass. 641, 656 (1986). Thus, even if the Commonwealth had rested, it would not have been error for the judge to allow it to reopen the case in these circumstances.