NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-721

M.L.

vs.

B.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an abuse prevention order issued against him by a judge of the District Court after a two-party hearing with notice, see G. L. c. 209A, §§ 1, 3, and from the judge's denial of three posthearing motions.  We affirm.

Background.  We summarize the relevant facts and procedural history, reserving certain details for later discussion.  On January 31, 2025, the plaintiff obtained an ex parte abuse protection order against the defendant.  See G. L. c. 209A, § 4. In her affidavit, filed in support of her claim, the plaintiff averred that since a Probate and Family Court judge awarded her

sole legal and primary physical custody of the parties' child,[1] the defendant had intimidated and frightened her through "continued episodes of harassment," including "sending multiple threatening emails" to the plaintiff and her lawyer. The plaintiff also represented in her affidavit that on November 18, 2024, the defendant followed the plaintiff and their child, who was ill, into a supermarket parking lot where he "demand[ed] in an angry and aggressive tone that [she] hand over [the child]" for the defendant's parenting time. When the plaintiff did not comply, the defendant followed her into the supermarket, making her "very upset and nervous." The plaintiff cited this incident as an example of the defendant's "pattern of harassing behaviors and threatening conduct."

The matter was scheduled for a two-party hearing with notice to the defendant; that hearing was held before a District Court judge[2] on February 14, 2025. Both parties appeared at the hearing and testified. Plaintiff's counsel informed the judge about the custody matter between the parties in the Probate and Family Court, as well as that the defendant had filed a pending

_____

[1] The child was five years old at the time of the two-party hearing in February 2025.

[2] The matter was apparently transferred after the ex parte order issued; the judge at the two-party hearing is not the same judge who issued the ex parte order.

appeal in that matter.  The judge reviewed a gatekeeper order that a Probate and Family Court judge entered against the defendant in response to his "excessive filings" during the custody litigation.  The judge also reviewed copies of communications that the defendant had sent to the plaintiff through e-mail and a parenting application, Our Family Wizard; plaintiff's counsel alleged that the messages "threatened . . . continued court action" and "violent contempts."[3]  After reviewing the messages, the judge noted that "every single email is acrimonious and unpleasant" and that the defendant was "very antagonistic," but the judge found that the messages included "nothing . . . that's threatening."

The judge asked the plaintiff additional questions about her reasons for seeking an extension of the order.  The plaintiff testified, inter alia, that "there were moments" of "physical aggression, like hitting walls, banging walls"; that the defendant punched a hole in something when he was not given help cleaning something up; and that when the plaintiff was pregnant, there was an instance in which the parties "got in an argument," the plaintiff "smacked" the defendant, and then the

---

[3] It is not clear from the record whether the messages in the appellate record are the same ones that were introduced at the hearing, but nothing in our decision depends on that point.

3

defendant "kicked the door down off the hinges," almost hitting her.  The plaintiff also told the judge that during her approximately four-year relationship with the defendant, he had "scream[ed] at [her] in [her] face" and that this type of conduct was "just constant."  The plaintiff testified, consistent with her affidavit, about the incident a few months earlier when the defendant followed her into the supermarket after she took their child to a medical appointment.  She told the judge that the child saw the defendant's behavior and later asked "why daddy was yelling at [her]."

In response to the judge asking whether she was "afraid that [the defendant] . . . will physically harm [her]," the plaintiff answered, "Yes."  Asked if her fear was "based upon [the defendant's] emails," the plaintiff responded that it was "based upon knowing our past" and on her experience with the defendant's conduct "when he doesn't get his way."  She also told the judge that she was "worried about the escalation" of the defendant's conduct in connection with the custody judgment.

The defendant testified that he had never threatened the plaintiff, that the plaintiff's account of the incident during her pregnancy was "a blatant lie," and that he went to the supermarket to obtain information from the pharmacist about how

4

to treat the child's illness during the parenting time he expected to have that day, not to follow the plaintiff.

After considering the evidence, the judge made clear oral findings on the record that (1) although the defendant's e-mail and Our Family Wizard messages involved "nothing that . . . actually comes out and threatens," the defendant's conduct was "threatening" and "menacing," (2) the defendant's conduct was "escalating," causing the plaintiff to fear him, and (3) inferentially, the plaintiff's fear was reasonable.[4] The judge extended the ex parte order for one year. The defendant filed posthearing motions for findings of fact and rulings of law, for reconsideration, and to reopen the case to introduce additional evidence. The judge denied each of these motions and this appeal followed.

Discussion. 1. Extension of ex parte order.[5] A plaintiff seeking an extension of an ex parte abuse prevention order at the hearing after notice bears the burden of proving by a preponderance of the evidence that the plaintiff is suffering

---

[4] The judge said, "I can see [the plaintiff's] concern for escalation."

[5] Although the defendant argues that the ex parte order should not have issued, because we affirm the subsequent order after notice, the ex parte order has been superseded and that matter is moot. See V.M. v. R.B., 94 Mass. App. Ct 522, 524-525 (2018).

from abuse.  See Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).  As relevant here, "abuse" is defined as "placing another in fear of imminent serious physical harm."[6]  G. L. c. 209A, § 1.  "When a person seeks to prove abuse by 'fear of imminent serious physical harm,' our cases have required in addition that the fear be reasonable" (citation omitted).  Iamele v. Asselin, 444 Mass. 734, 737 (2005).  The judge must consider the evidence of the defendant's "words and conduct 'in the context of the entire history of the parties' hostile relationship.'"  Vittone v. Clairmont, 64 Mass. App. Ct. 479, 487 (2005), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 930 (1999).

"We review the extension of a c. 209A order 'for an abuse of discretion or other error of law.'"  Latoya L. v. Kai K., 104 Mass. App. Ct. 173, 177 (2024), quoting Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022).  "[W]e will not substitute our judgment for that of the trier of fact.  We do, however, scrutinize without deference the propriety of the legal

---

[6] General Laws c. 209A, § 1, provides four alternative definitions of "abuse."  We affirm under the second definition. G. L. c. 209A, § 1 (subsection "[b]" under "abuse"). Accordingly, although the parties dispute whether the plaintiff proved her entitlement to an extension of the ex parte order based on her showing of abuse by "coercive control," see G. L. c. 209A, § 1, we need not and do not reach that question.

6

criteria employed by the trial judge and the manner in which those criteria were applied to the facts."  Calliope C. v. Yanni Y., 103 Mass. App. Ct. 722, 725 (2024), quoting Commonwealth v. Boucher, 438 Mass. 274, 276 (2002).  In conducting our review, "[w]e accord the credibility determinations of the judge who heard the testimony of the parties . . . [and] observed their demeanor . . . the utmost deference" (quotation omitted).  Noelle N., 97 Mass. App. Ct. at 664, quoting Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 185 (2020).

It is apparent from the transcript of the two-party hearing that the judge permitted both parties an opportunity to present their evidence and arguments and that he conducted an even-handed assessment of the evidence.  See C.O. v. M.M., 442 Mass. 648, 659 (2004) (incumbent on judge to ensure "all parties be given a fair and equal opportunity to be heard" at extension hearing).  Moreover, and critically, we can readily discern the basis of the judge's decision to extend the order from the factual findings he made on the record.  This is because the judge credited the plaintiff's account of past threats to her physical safety, an escalation in the defendant's "menacing" behavior, and the plaintiff's resulting fear (which the judge found reasonable).  The judge was also aware of the defendant's ongoing dissatisfaction with the judgment granting the plaintiff

7

primary custody of the parties' child.[7]  See Iamele, 444 Mass. at 740 (factors judge should consider in deciding whether to extend abuse prevention order include, inter alia, "ongoing child custody or other litigation that engenders . . . hostility"); Vittone, 64 Mass. App. Ct. at 486-487.  Given the judge's findings, we are satisfied both that the plaintiff demonstrated her entitlement to the order based on her reasonable fear of imminent serious physical harm and that the judge acted within his discretion in extending the ex parte order on that basis.  See G. L. c. 209A, § 1.

2.  Posthearing motions.  a.  Motion for findings of fact and rulings of law.  As we have noted, the judge made the findings required to explain his order, including explicit credibility determinations, clearly and specifically on the

---

[7] We are not persuaded that the judge abused his discretion by considering information provided by the plaintiff and her attorney about a report prepared in the custody action by a guardian ad litem.  The defendant's hearsay objection was properly overruled; in this context, it is well-settled that the rules of evidence "regarding hearsay . . . should be applied with flexibility, subject to considerations of fundamental fairness."  Noelle N., 97 Mass. App. Ct. at 661 n.3.  More to the point, to the extent that plaintiff's counsel provided some general examples of the information included in the report, the evidence was cumulative of testimony the plaintiff gave at the hearing that the judge credited.  Cf. Adoption of Cecily, 83 Mass. App. Ct. 719, 724 (2013) (assuming arguendo that evidence was improperly admitted at trial, defendant was not prejudiced where evidence "was merely cumulative of properly admitted evidence").

8

record during the hearing. The judge was not required to provide the written findings and rulings that the defendant sought. See G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018) (where appellate court is "able to discern a reasonable basis for the order in the judge's rulings and order, no specific findings are required").

b. Motion for reconsideration. The defendant's challenge to the denial of his motion for reconsideration turns on his contention that the plaintiff obtained the extension by "fraud." The argument is not persuasive. We recognize that in the plaintiff's affidavit and in her hearing testimony, the plaintiff characterized the defendant's communications to her and her lawyer as "threatening." We also acknowledge that the judge interpreted the communications somewhat differently; he concluded that they did not include direct threats but that the defendant's behavior had escalated and his conduct was threatening. We do not, however, find anything in the record to show that the judge discredited the plaintiff based on this difference in perspective -- to the contrary, the judge explicitly found that the messages had a consistently "angry" and "acrimonious" flavor.

Moreover, the judge's decision did not depend on the accuracy of the plaintiff's assessment of the messages as

9

threats.  The judge's contemporaneous findings reflect that although he did not find that the defendant's messages were threatening, he did consider their tone and found that they were angry; he also took into account the plaintiff's testimony about the defendant's past history of violence, the ongoing appeal from the custody judgment, the defendant's "escalating" conduct, and the plaintiff's resulting fear.  The defendant's motion for reconsideration was, at bottom, a challenge to the judge's credibility assessments.  Given the deference we accord to those assessments, see Noelle N., 97 Mass. App. Ct. at 664, we decline to disturb the judge's denial of the motion.

c.  Motion to reopen the evidence.  We are likewise unpersuaded that the judge infringed on the defendant's right to due process by denying his motion to reopen the hearing to present additional evidence.  See Dominick v. Dominick, 18 Mass. App. Ct. 85, 90 (1984) (whether to reopen trial for new evidence is left to discretion of trial judge).  Nothing in the defendant's original motion or in his appellate briefing supports his claim that the evidence he sought to introduce at a reopened hearing -- a video recording refuting the plaintiff's account of his conduct in the supermarket parking lot, additional messages sent between the parties through Our Family Wizard, and messages between the plaintiff and others, including

her attorney and the child's doctor -- was "previously unavailable, wrongfully omitted, or not submitted due to procedural limitations," as the defendant suggests.

> "[A] motion that seeks to vacate retroactively an order issued under c. 209A 'on the ground of newly discovered evidence cannot properly be granted unless it is found that the evidence relied on was not available to the party seeking [relief] for introduction at the original trial by the exercise of reasonable diligence . . . .'"

Mitchell v. Mitchell, 62 Mass. App. Ct. 769, 775 (2005), quoting DeLuca v. Boston Elevated Ry. Co., 312 Mass. 495, 497 (1942). The defendant has not demonstrated that he made the required showing through his motion, and we therefore discern no abuse of discretion in the judge's decision to deny the motion to reopen the evidence. See Dominick, 18 Mass. App. Ct. at 90. See also Weber v. Coast to Coast Med., Inc., 83 Mass. App. Ct. 478, 481 (2013).

3. Defendant's remaining arguments. The defendant's remaining arguments on appeal were not preserved below and are waived. See, e.g., G.B., 94 Mass. App. Ct. at 397.

4. Plaintiff's requests for appellate attorney's fees. "If an appellate court determines that an appeal in a civil case is frivolous, it may award just damages and single or double costs to the appellee, and such interest on the amount of the judgment as may be allowed by law." Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019). The plaintiff cites this

11

rule and requests that we award her appellate attorney's fees.[8] Although we exercise our discretion to decline the plaintiff's request, we emphasize that our decision is exactly that -- an exercise of discretion. Our ruling should not be read as a determination that the request lacked a proper basis. See Avery v. Steele, 414 Mass. 450, 455 (1993).

Order extending G. L. c. 209A order, entered February 14, 2025, affirmed.

Order denying motion for findings of fact and conclusions of law affirmed.

Order denying motion for reconsideration affirmed.

Order denying motion to reopen and admit additional evidence affirmed.

By the Court (Henry, Singh & Hand, JJ.[9]),

Clerk

Entered: April 24, 2026.

---

[8] As one of the reasons for her request, the plaintiff cites concerns that the defendant used generative artificial intelligence in drafting his appellate brief. Without deciding, we note that at least two of the cases cited in the defendant's brief do not exist and that we are unable to find cases supporting certain quoted language in the brief.

[9] The panelists are listed in order of seniority.